UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| RANDY LEE RINDAHL, Plaintiff, vs. SOUTH DAKOTA ATTORNEY GENERAL, Defendant. | 3:19-CV-03005-RAL ORDER DENYING MOTIONS AND SCREENING CASE FOR DISMISSAL |

Randy Lee Rindahl (Rindahl), a frequent filer of federal lawsuits and an inmate at the South Dakota State Penitentiary, filed this case seeking a common law writ of mandamus against the South Dakota Attorney General's Office to investigate and prosecute "various South Dakota Department of Corrections, Sioux Falls, South Dakota personnel for proven deprivations of South Dakota Codified Law" relating to what Rindahl believes to be "false or forged instruments." Doc. 1. The South Dakota Attorney General did not act as Rindahl requested, so Rindahl "requires the Court to issue an Order of Mandamus compelling the Attorney General to prosecute the aforementioned persons." Doc. 1. Rindahl also has filed a Motion to Reclassify the Case, Doc. 4, because the Clerk of Court characterized the Complaint as filed under 42 U.S.C. § 1983. Rindahl filed a Motion for Leave to Proceed In Forma Pauperis as well. Doc. 5.

Under 28 U.S.C. § 1915A(b), the Court is required to screen each prisoner case. A case may be dismissed if it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. See 28

U.S.C. § 1915A. A case fails to state a claim "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations....'" Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 1832, 104 L. Ed. 2d 338 (1989) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed. 2d 599 (1984))). When reviewing a complaint for such an inadequacy, the Court must assume that "the factual allegations in the complaint are true[.]" Neitzke, 490 U.S. at 326, 109 S. Ct. at 1832.

Rindahl has filed more than three previous cases in the District of South Dakota that have been dismissed as frivolous, malicious, or lacking merit. See Rindahl v. Avera Medical Group, 17-CV-4104-RAL, Doc. 9 at 2 (November 14, 2017) (referencing five previous cases filed by Rindahl dismissed as "strikes" under 28 U.S.C. § 1915(g)). Rindahl is "barred from filing a federal civil case unless he pays the filing fee in full or alleges imminent danger of serious physical injury." 17-CV-4104-RAL, Doc. 9 at 2.

Rindahl has not paid the filing fee. Rindahl has not alleged imminent danger of serious physical injury. Rindahl's Complaint seeking a writ of mandamus therefore is subject to dismissal. It is hereby

ORDERED that the case is screened and dismissed and that Rindahl's Motion to Reclassify Case, Doc. 4, is denied as moot and that Rindahl's Motion to Proceed IFP, Doc. 5, is denied based on 28 U.S.C. § 1915(g) and this Court's previous order.

DATED this 16th day of May, 2019.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE